# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL ESPINOZA MENDOZA,<br>Petitioner,<br>v.<br>TONYA ANDREWS,<br>Respondent. | Case No. 1:26-cv-05858-JLT-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART RESPONDENT'S MOTION TO DISMISS, DISMISS FIRST, THIRD, AND FOURTH CLAIMS FOR RELIEF, AND DENY PETITION FOR WRIT OF HABEAS CORPUS ON SECOND CLAIM FOR RELIEF<br><br>(ECF Nos. 1, 14)<br><br>ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL<br><br>(ECF No. 4) |

Petitioner is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth herein, the undersigned recommends granting in part and denying in part Respondent's motion to dismiss, dismissing the first, third, and fourth claims for relief, and denying the petition for writ of habeas corpus on the second claim for relief.

## I.

## BACKGROUND[1]

Petitioner is a citizen of Mexico who entered the United States in 1994. Petitioner applied to adjust his status pursuant to section 245(i) of the Immigration and Nationality Act ("INA"),

[1] As the pleadings in the instant matter lack allegations regarding the factual and procedural background, the Court relies on Petitioner's earlier-filed case for this summary.

and his application was denied in or around April 2025. Petitioner filed a timely appeal in or around May 2025. Mendoza v. Noem, No. 1:26-cv-00702-JLT-EPG-HC, 2026 WL 683180, at *1 (E.D. Cal. Mar. 10, 2026), report and recommendation adopted, 2026 WL 927654 (E.D. Cal. Apr. 6, 2026).

On June 29, 2025, an administrative warrant for Petitioner's arrest was issued. On July 9, 2025, Petitioner was arrested. That same day, the Department of Homeland Security ("DHS") issued a notice to appear, charging Petitioner with removability under section 212(a)(6)(A)(i) of the INA. Petitioner is pursuing relief from removal in the form of cancellation of removal. Petitioner requested a custody redetermination pursuant to 8 C.F.R. § 1236, and on December 15, 2025, an immigration judge ("IJ") denied the request, stating:

> The Court determines that [Petitioner] has not met his burden to show that he has been "waved-through" for purposes of establishing jurisdiction. See Matter of YAJURE HURTADO, 298 I&N Dec. 216 (BIA 2025); Matter of QUILANTAN, 25 I&N Dec. 285 (BIA 2010). Even if the Court did determine that it possessed jurisdiction over [Petitioner]'s request for bond in this case, the Court would independently and additionally determine that Respondent is both a danger and a flight risk.

Mendoza, 2026 WL 683180, at *1 (citations omitted).

On January 26, 2026, Petitioner, with the assistance of counsel, filed his first petition for writ of habeas corpus, asserting that his prolonged detention without a bond hearing violates due process and the Eighth Amendment. Mendoza, 2026 WL 683180, at *1. On April 6, 2026, the Court granted the petition on the prolonged detention due process claim and ordered Petitioner be provided a bond hearing at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to justify denial of bond. Mendoza, 2026 WL 927654, at *1.

On April 21, 2026, Petitioner filed a motion to enforce the judgment. Motion to Enforce, Mendoza v. Noem, No. 1:26-cv-1:26-cv-00702-JLT-EPG (E.D. Cal. Apr. 21, 2026), ECF No. 21. The following day, the Court denied the motion because "[c]omplaints about the conclusion the IJ reached must be presented through the normal immigration appeal process." Minute Order, Mendoza, No. 1:26-cv-1:26-cv-00702-JLT-EPG (E.D. Cal. Apr. 22, 2026), ECF No. 22.

On July 27, 2026, Petitioner, proceeding *pro se*, filed a second petition for writ of habeas corpus and a motion for temporary restraining order ("TRO"). (ECF Nos. 1, 2.) On August 6, 2026, the Court denied the motion for TRO as untimely. (ECF No. 12.) On August 27, 2026, Respondent filed a motion to dismiss. (ECF No. 14.) To date, no opposition or statement of non-opposition has been filed, and the time for doing so has passed.

**II.**

**DISCUSSION**

In the petition, Petitioner raises the following claims for relief: (1) Petitioner's detention without a pre-deprivation hearing violated procedural due process; (2) Petitioner's detention is unjustified and unlawful, in violation of substantive due process; (3) Petitioner was rearrested without a material change in circumstances, in violation of the Fourth Amendment; and (4) Petitioner was rearrested without a material change in circumstances, in violation of Garro Pinchi v. Noem, 792 F. Supp. 3d 1025 (N.D. Cal. 2025). (ECF No. 1 at 32–35.[2])

**A. Successive Petition**

Respondent argues that the petition should be dismissed pursuant to 28 U.S.C. § 2244(a). (ECF No. 14 at 1–2.) "However, § 2244(a) cannot apply to a § 2241 petition filed by an [immigration] detainee . . . because § 2244(a) bars successive petitions seeking review of the propriety of a detention '*pursuant to a judgment of a court of the United States.*'" Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) (emphasis in original). Petitioner's immigration detention is "not pursuant to a judgment of a court of the United States. As such, the district court [would] err[] in applying AEDPA's gatekeeping provisions to [Petitioner]'s § 2241 petition." Barapind, 225 F.3d at 1111. Accordingly, the undersigned recommends finding that dismissal is not warranted pursuant to 28 U.S.C. § 2244(a).

**B. Abuse of Writ**

Respondents also argue that the petition should be dismissed as an abuse of the writ. (ECF No. 14 at 2–3.) The common law "doctrine of abuse of the writ generally 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'"

[2] Page numbers refer to ECF page numbers stamped at the top of the page.

Alaimalo v. United States, 645 F.3d 1042, 1049 (9th Cir. 2011) (citation omitted). A "successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." Alaimalo, 645 F.3d at 1049 (citations omitted).

The Court finds Petitioner's first, third, and fourth claims for relief challenging his detention could have been raised in his prior counseled habeas petition. Accordingly, the undersigned recommends finding that Respondent's motion to dismiss should be granted as to these claims for abuse of the writ.

As to Petitioner's substantive due process claim, this Court has applied a three-factor test "involv[ing] a case-by-case analysis of the (1) length of detention and whether it is excessive in relation to its regulatory purpose; (2) evidence supporting the determination that detention is warranted to prevent flight risk or community danger; and (3) conditions of confinement." Shafaq v. Warden, California City Corr. Facility, No. 1:26-cv-00299 JLT SKO, 2026 WL 1785249, at *5 (E.D. Cal. June 22, 2026) (citing Espinoza v. Wofford, No. 1:24-CV-01118-SAB-HC, 2025 WL 1556590, at *7–11 (E.D. Cal. June 2, 2025)). Given that length of detention factor is inherently dynamic, the undersigned recommends finding that Petitioner's substantive due process claim should not be dismissed for abuse of the writ.

**C. Substantive Due Process**

"The Due Process Clause of the Fifth Amendment mandates that '[n]o person shall . . . be deprived of life, liberty, or property, without due process of law.'" United States v. Quintero, 995 F.3d 1044, 1051 (9th Cir. 2021) (quoting U.S. Const. amend. V). "The Due Process Clause 'protects individuals against two types of government action': violations of substantive due process and procedural due process." Id. (quoting United States v. Salerno, 481 U.S. 739, 746 (1987)). "[S]ubstantive due process prevents the government from engaging in conduct that shocks the conscience, or interferes with rights implicit in the concept of ordered liberty." Salerno, 481 U.S. at 746 (internal quotation marks and citations omitted). "When government action depriving a person of life, liberty, or property survives substantive due process scrutiny, it

must still be implemented in a fair manner. This requirement has traditionally been referred to as 'procedural' due process." Salerno, 481 U.S. at 746 (citation omitted).

In Wong Wing v. United States, 163 U.S. 228 (1896), the Supreme "Court held that punitive measures could not be imposed upon aliens ordered removed because 'all persons within the territory of the United States are entitled to the protection' of the Constitution." Zadvydas, 533 U.S. at 694 (quoting Wong Wing, 163 U.S. at 238). See Zadvydas, 533 U.S. at 694 (Kennedy, J., dissenting) ("Where detention is incident to removal, the detention cannot be justified as punishment nor can the confinement or its conditions be designed in order to punish." (citing Wong Wing, 163 U.S. 228)).

"As an initial matter, the mere fact that a person is detained does not inexorably lead to the conclusion that the government has imposed punishment." Salerno, 481 U.S. at 746 (citing Bell v. Wolfish, 441 U.S. 520, 537 (1979)). However, "[i]t is undisputed that at some point, . . . detention can 'become excessively prolonged, and therefore punitive,' resulting in a due process violation." United States v. Torres, 995 F.3d 695, 708 (9th Cir. 2021) (quoting Salerno, 481 U.S. at 747 n.4). "The point at which detention constitutes a due process violation requires a case-by-case analysis." Torres, 995 F.3d at 708 (citing United States v. Gelfuso, 838 F.2d 358, 359–60 (9th Cir. 1988)). "A due process violation occurs when detention becomes punitive rather than regulatory, meaning there is no regulatory purpose that can rationally be assigned to the detention or the detention appears excessive in relation to its regulatory purpose." Torres, 995 F.3d at 708 (citing Salerno, 481 U.S. at 747). "[W]hile the existence of some threshold of per se due process violation may be 'undisputed,' it has also never been clearly delineated in the context of immigration detention." Doe v. Becerra, 704 F. Supp. 3d 1006, 1020 (N.D. Cal. 2023) (citation omitted).

As set forth in section II(B), *supra*, this Court has applied a three-factor test for substantive due process claims "involv[ing] a case-by-case analysis of the (1) length of detention and whether it is excessive in relation to its regulatory purpose; (2) evidence supporting the determination that detention is warranted to prevent flight risk or community danger; and (3) conditions of confinement." Shafaq, 2026 WL 1785249, at *5.

1. Length of Detention

The Ninth Circuit has stated in the context of criminal pretrial detention, "It is undisputed that at some point, pretrial detention can 'become excessively prolonged, and therefore punitive,' resulting in a due process violation." Torres, 995 F.3d at 708 (quoting Salerno, 481 U.S. 739, 747 n.4). Although the Ninth Circuit held Torres's twenty-one-month criminal pretrial detention due to the COVID-19 pandemic and suspension of jury selection and trials did not violate due process, the Ninth Circuit nevertheless "caution[ed] that the length of Torres's detention is approaching the limits of what due process can tolerate" and noted that "all parties agree that at some point, regardless of the risks associated with Torres's release, due process will require that he be released if not tried." Torres, 995 F.3d at 709, 710 (citing United States v. Briggs, 697 F.3d 98, 103 (2d Cir. 2012) ("There is no bright-line limit on the length of detention that applies in all circumstances; but for every of set of circumstances, due process does impose some limit.")).

Here, Petitioner has been detained for sixteen months, which is shorter than the twenty-one months the Ninth Circuit found to be "approaching the limits of what due process can tolerate" in the criminal pretrial detention context. Torres, 995 F.3d at 709. This Court has held that a petitioner's "detention of twenty-one months is not excessively prolonged to find a substantive due process violation." Shafaq, 2026 WL 1785249, at *8. Accordingly, the undersigned recommends finding that the length of detention factor does not weigh in Petitioner's favor.

2. Flight Risk and Danger

"To the extent this substantive due process test requires review of an IJ's determinations of flight risk or danger, this Court" reviews an IJ's determinations under an abuse of discretion standard. Shafaq, 2026 WL 1785249, at *6. "Under an abuse of discretion standard, 'we cannot reweigh evidence ... [but] can [only] determine whether the BIA applied the correct legal standard.'" Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024) (alterations in original) (quoting Konou v. Holder, 750 F.3d 1120, 1127 (9th Cir. 2014)).

In the instant proceeding, Petitioner provides no argument challenging the IJ's denial of bond. However, in the motion to enforce judgment filed in his first habeas case, Petitioner argued

that the IJ "wrongfully concluded that I am a flight risk and a danger to the society solely based on the prior criminal records (misdemeanor) more than a decade ago[.]" Motion to Enforce at 2, Mendoza, No. 1:26-cv-1:26-cv-00702-JLT-EPG (E.D. Cal. Apr. 21, 2026), ECF No. 21.

> To determine whether an alien is a danger to the community or a risk of flight, an IJ weighs nine factors under BIA precedent. *Guerra*, 24 I. & N. Dec. at 40. The nine factors an IJ "may" consider "include any or all of the following:"
>
>> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.
>
> *Id.*

Martinez, 124 F.4th at 783. "An Immigration Judge has broad discretion in deciding the factors that he or she may consider" and "may choose to give greater weight to one factor over others, as long as the decision is reasonable." In re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006). "Any evidence in the record that is probative and specific can be considered." Id. at 40–41.

Here, the IJ properly considered Petitioner's criminal record. "Because the IJ . . . w[as] entitled to place some weight on [criminal record] in their analysis of [dangerousness], the Court generally lacks jurisdiction to review whether they placed too much." Kharis v. Sessions, No. 18-cv-04800-JST, 2018 WL 5809432, at *8 (N.D. Cal. Nov. 6, 2018) (citing Sales v. Johnson, 323 F. Supp. 3d 1131, 1139 (N.D. Cal. 2017)). Accordingly, the undersigned recommends finding that the second factor does not weigh in Petitioner's favor.

3. Conditions of Confinement

In the context of addressing whether "ICE's COVID-19 policies reflected unconstitutional 'punishment' under the Fifth Amendment," the Ninth Circuit stated:

> "[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Wolfish*, 441 U.S. at 535, 99 S.Ct. 1861. We have thus held

> that "a civil detainee awaiting adjudication is entitled to conditions of confinement that are not punitive." *Jones v. Blanas*, 393 F.3d 918, 933 (9th Cir. 2004). "[A] restriction is 'punitive' where it is intended to punish, or where it is 'excessive in relation to its non-punitive purpose,' or is 'employed to achieve objectives that could be accomplished in so many alternative and less harsh methods.'" *Id.* at 933–34 (alteration accepted) (first quoting *Demery v. Arpaio*, 378 F.3d 1020, 1028 (9th Cir. 2004); and then quoting *Hallstrom v. City of Garden City*, 991 F.2d 1473, 1484 (9th Cir. 1993)). But "if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Wolfish*, 441 U.S. at 539, 99 S.Ct. 1861.

Fraihat v. U.S. Immigr. & Customs Enf't, 16 F.4th 613, 647 (9th Cir. 2021). In the context of a former state prisoner who was civilly detained pending proceedings under California's SVPA, the Ninth Circuit stated that "[t]he civil nature of SVPA confinement provides an important gloss on the meaning of 'punitive' in this context. Because he is detained under civil—rather than criminal—process, an SVPA detainee is entitled to 'more considerate treatment' than his criminally detained counterparts." Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004) (quoting Youngberg v. Romeo, 457 U.S. 307, 321–22 (1982)). Thus, "due process sets an absolute floor on the conditions civil detainees can be confined in. At a minimum, conditions must be less restrictive than post-conviction criminal detention." Doe v. Becerra, 732 F. Supp. 3d 1071, 1088 (N.D. Cal. 2024).

Petitioner states he suffers from anxiety, depression, acid reflux, high blood pressure, and weight loss. (ECF No. 1 at 24.) Petitioner alleges that the medical department refuses to prescribe the medication for his acid reflux that he previously used on a regular basis when he was not detained and he has been forced to buy expired medication from the commissary. (Id. at 25.) In Shafaq, this Court found "the conditions of confinement do not significantly weigh in Petitioner's favor" where the petitioner was diagnosed with an inguinal hernia, his scheduled surgery was canceled, and he submitted a letter from a doctor stating that if left untreated, the herniated abdominal contents may become trapped and compromise blood supply to the entrapped tissue leading to tissue death, and that, if not properly managed, the hernia could result in bowel obstruction, perforation, sepsis, and even death. Shafaq, 2026 WL 1785249, at *9. The Court stated that "[a]lthough Petitioner's inadequate access to medical care is deeply concerning,

the facts in the record do not rise to the level of a constitutional violation necessitating Petitioner's immediate release." Shafaq, 2026 WL 1785249, at *10. Accordingly, the undersigned recommends finding that the conditions of confinement factor does not weigh in Petitioner's favor.

**D. Motion for Appointment of Counsel**

Petitioner has moved for appointment of counsel. (ECF No. 4.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

As set forth above, habeas relief is not warranted, and thus, Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel. Accordingly, the undersigned will deny Petitioner's motion for appointment of counsel.

**III.**

**RECOMMENDATION & ORDER**

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 14) is GRANTED IN PART with respect to the first, third, and fourth claims for relief and DENIED IN PART with respect to the second claim for relief.
2. The first, third, and fourth claims for relief be DISMISSED; and
3. The petition for writ of habeas corpus (ECF No. 1) be DENIED on the second claim for relief.

\\\

Further, Petitioner's motion for appointment of counsel (ECF No. 4) is DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 9, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE